## No. 5969.

### SUCCESSION OF SIMON TEAULET.

It is unquestionable that by act No. 71 of the acts of 1874 a portion of the parish of Jefferson was annexed to the parish of Orleans, and that said act is not unconstitutional in that respect.

When a law is clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. McPhelin & Healey*, for plaintiff in rule and appellant. *J. A. Seghers*, for defendant in rule and appellee.

·LUDELING, C. J. Simon Téaulet died in July, 1874, in Carrollton, where he resided and where his property is situated.

His succession was opened in the Second District Court for the parish of Orleans. To effect a settlement of the succession the property was sold by virtue of an order of the Second District Court of New Orleans; and Jean Duchein, having purchased a portion of the property, refused to comply with his bid. A rule was taken against him to show cause why he should not comply. To this he answered that the succession could transfer to him no valid title to the property sold, as all the proceedings therein were absolute nullities, the court being without jurisdiction in the premises, for this, that the deceased was a resident of the parish of Jefferson, where he died and where is situated all his property. The judgment was in favor of the defendant, dismissing the rule for want of jurisdiction.

The defense and the judgment of the court *a qua* are based upon the hypothesis that the territorial limits of the parishes of Orleans and Jefferson were not changed by act No. 71 of 1874. In the case of the State vs. Daniel we held that the act No. 71 aforesaid was constitutional. Therefore the only question is whether or not the act No. 71 annexed any portion of the parish of Jefferson to the parish of Orleans. We are at a loss to imagine why there should be a doubt on the subject, for section one of the act declares in unambiguous words that "all that

portion of the parish of Jefferson being and lying below the centre of
Upperline street of the city of Carrollton, commencing at the Missis-
sippi river and extending northwardly along the centre of said street.
to its terminus, and thence along the centre of the line of the New Or-
leans and Carrollton Railroad to Lake Pontchartrain, shall be and con-
stitute the upper boundary line of the parish of Orleans and the city of
New Orleans, and all that portion of the city of Carrollton thus de-
tached from the parish of Jefferson and added to the city of New Or-
leans and parish of Orleans shall be governed," etc.

"When a law is clear and free from ambiguity, the letter of it is not
to be disregarded under the pretext of pursuing its spirit." C. C. 13.

It is therefore ordered and adjudged that the judgment appealed
from be set aside, and that the exception to the jurisdiction be over-
ruled, and that the case be remanded to be proceeded with according to
law.